# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RACE TIRES AMERICA, INC., a Division )
OF SPECIALTY TIRES OF AMERICA, INC.; )
SPECIALITY TIRES OF AMERICA, INC.; )
SPECIALTY TIRES OF AMERICA )
(PENNSYLVANIA), INC.; and SPECIALTY )
TIRES OF AMERICA (TENNESSEE), LLC, )
                                                          )
                           Plaintiffs, )
                                                          )
                          v.                         )       02: 07cv1294
                                                          )
HOOSIER RACING TIRE CORP., and )
DIRT MOTOR SPORTS, INC., d/b/a )
WORLD RACING GROUP, )
                                                          )
                           Defendants. )

## MEMORANDUM ORDER

Presently pending before the Court is the EXPEDITED MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM CHARLES ROBERTS AND HOOSIER TIRE SOUTH DIRT OVAL filed by Plaintiffs on March 17, 2008 at 5:46 P.M.

On February 29, 2008, Plaintiffs served a subpoena duces tecum upon "Charles Roberts, as officer, director or managing agent of Hoosier Tire South Dirt Oval," a non-party, who is believed to be the Registered Agent, President and a Member of Hoosier Tire South Dirt Oval ("HTSDO"), an alleged distributor of Defendant Hoosier Racing Tire Corp. The Subpoena directs HTSDO to produce responsive documents at the offices of Plaintiffs' counsel in Pittsburgh, PA on March 18, 2008, and also directs Charles Roberts, as an officer, director or managing agent of HTSDO, to appear for deposition in Knoxville, Tennessee on March 25, 2008.

The Subpoena was issued by the United States District Court for the Eastern District of Tennessee, and service was made on February 29, 2008, at HTSDO's business address, 504 Frank L. Diggs Road, Clinton, Tennessee 37716.

On March 13, 2008, counsel for Plaintiffs were advised that Kendall Millard, Esquire, one of the attorneys for Defendant Hoosier Racing Tire Corp., would be "defending" Charles Roberts with regard to the subject subpoena.

On March 15, 2008, counsel for Charles Roberts served upon Plaintiffs' counsel a document entitled "Roberts's Responses and Objections to Notice of Deposition Duces Tecum of Charles Roberts and Document Requests," in which Charles Roberts objects to the production of any "documents outside of the possession, control, or custody of Charles Roberts. . . ."

In the instant motion, Plaintiffs request that this Court compel Charles Roberts and HTSDO to produce all non-privileged documents responsive to the Subpoena Duces Tecum, and impose sanctions, costs and attorney's fees.

As noted *supra,* the subpoena directed to Charles Roberts was issued by the United States District Court for the Eastern District of Tennessee. Any controversies with regard to the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the non-party consents to determination elsewhere. *See Highland Tank & Mfg. Co. v. PS International, Inc.*, 227 F.R.D. 374, 381 (W.D. Pa. 2005.) There is no provision in Rule 45 which authorizes this Court to either enforce or modify the subpoena obtained from

the United States District Court for the Eastern District of Tennessee, absent consent by the non-party.[1]

This Court has not been made aware that Charles Roberts, a non-party, has consented to this dispute being resolved in or by this Court, nor has the District Court for the Eastern District of Tennessee remitted the matter to this Court for resolution. Accordingly, Plaintiffs' Expedited Motion to Compel is **DENIED WITHOUT PREJUDICE** as this Court lacks jurisdiction to hear the dispute.

So **ORDERED** this 18th day of March, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

---

[1] The Court notes that while the District Court for the Eastern District of Tennessee has exclusive jurisdiction to rule on subpoenas issued by that court, it may in its discretion remit the matter to the court in which the action is pending. Fed. R. Civ. P. 26(c); *see Central States, Southeast & Southwest Areas Pension Fund v. Quickie Transport Co.*, 174 F.R.D. 50, 52 n. 1 (E.D. Pa. 1997) ("remit[ting]" discovery dispute involving nonparty subpoenas, a process which involved not transferring the dispute, but denying a motion for protective order while granting the party seeking the order leave to renew its request before the court handling the underlying dispute.)

cc: Alan B. Rosenthal, Esquire
Babst, Calland, Clements & Zomnir
Email: arosenthal@bccz.com

Joseph Decker, Esquire
Babst, Calland, Clements & Zomnir
Email: jdecker@bccz.com

Thomas M. Schultz
Polymer Enterprises, Inc.
Email: tschultz@polymerenterprises.net

Deborah E. Pollack-Milgate, Esquire
Barnes & Thornburg
Email: dmilgate@btlaw.com

Donald E. Knebel, Esquire
Barnes & Thornburg
Email: dknebel@btlaw.com

Donna M. Doblick, Esquire
Reed Smith
Email: ddoblick@reedsmith.com

Kendall H. Millard, Esquire
Barnes & Thornburg
Email: kmillard@btlaw.com

Lynn C. Tyler, Esquire
Barnes & Thornburg
Email: lynn.tyler@btlaw.com

Jason E. Hazlewood, Esquire
Reed Smith
Email: jhazlewood@reedsmith.com

John R. Gotaskie, Jr., Esquire
Fox Rothschild LLP
Email: jgotaskie@foxrothschild.com