UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACE TIRES AMERICA, INC., a Division of SPECIALTY TIRES OF AMERICA, INC.; SPECIALTY TIRES OF AMERICA, INC.; SPECIALTY TIRES OF AMERICA (PENNSYLVANIA), INC. and SPECIALTY TIRES OF AMERICA (TENNESSEE), LLC, | : : : : : : : : | NO. 2:07-cv-1294<br><br>Honorable Terrence F. McVerry<br><br>Electronically Filed |
| Plaintiffs, | : : | |
| v. | : : | |
| HOOSIER RACING TIRE CORP., and DIRT MOTOR SPORTS, INC. d/b/a WORLD RACING GROUP, | : : : : | |
| Defendants. | : : | |

**PLAINTIFFS' MOTION TO COMPEL HOOSIER
RACING TIRE CORP. TO PRODUCE DOCUMENTS AND
ELECTRONICALLY STORED INFORMATION BY A DATE CERTAIN**

Plaintiffs, by their attorneys, hereby move to compel Defendant Hoosier Racing Tire Corp. ("Hoosier") to produce, by a date certain, documents and electronically stored information ("ESI") in response to Plaintiffs' First Request for Production of Documents and ESI Directed to Hoosier Racing Tire Corporation ("Hoosier").

1.  This Motion to Compel is necessitated by Defendant Hoosier's ongoing refusal to state when its production of responsive documents and ESI will be completed. The resulting uncertainty threatens to interfere with the discovery schedule in this case. Plaintiffs cannot properly take depositions without having the documents from Hoosier.

2.      On January 10, 2008, Plaintiffs served their First Request for Production of Documents and ESI directed to Hoosier. See Decker Aff. ¶ 2.[1] Pursuant to Federal Rule of Civil Procedure 34, Hoosier's response was due on or before February 12, 2008.

3.      On February 12, 2008, Hoosier served its Responses and Objections to Plaintiffs' First Request for Production. See Decker Aff. ¶ 3 and Exhibit A thereto (excerpts). Hoosier did not, however, produce any responsive documents or ESI at that time. Instead, the response stated:

> . . . Hoosier will produce responsive non-privileged documents **on a rolling basis.**

Exhibit A, page 5 (emphasis added).

4.      On March 4, 2008, Hoosier produced electronic images of responsive "hard copy" documents. Hoosier did not, however, produce any ESI at that time. See Decker Aff. ¶ 4.

5.      On March 6, 2008, counsel for Plaintiffs and Hoosier had a conference to discuss discovery issues. At that conference, Hoosier agreed to produce as much ESI as possible, in "good faith," by April 7, 2008. See Decker Aff. ¶ 5.

6.      On March 17, 2008, Hoosier wrote and stated that it had "searched nearly two dozen different computers" and stated that it "has more than 2 million electronic documents to process." Decker Aff. ¶ 6 and Exhibit B thereto. However, Hoosier actually had run the agreed-upon keyword search terms on only two of those computers (Dennis Sherman and Irish Saunders). See Decker Aff., Exhibit B. Hoosier stated that its "vendor is still processing ESI for the remaining file-keepers." Id.

---

[1] The Affidavit of Joseph Decker is filed contemporaneously with this Motion.

7. Although Hoosier did produce some ESI on March 26 and April 7, 2008, those productions did not contain any e-mail in electronic form—even though it is apparent from Hoosier's paper documents that Hoosier employees use e-mail extensively. Hoosier's paper documents (produced as scanned images) contain some e-mails that had been printed out and kept in paper form. See Decker Aff. ¶ 7.

8. In an April 17, 2008 e-mail, Plaintiffs' counsel addressed gaps in Hoosier's ESI production. The e-mail requested that Hoosier complete its production of ESI by Thursday, April 24, 2008. See Decker Aff. ¶ 8 and Exhibit C thereto.

9. Hoosier's counsel responded by letter on April 18, 2008, stating: "As we have repeatedly told you, our vendor has an enormous volume of Hoosier's ESI to process, and our production to you necessarily will be on a rolling basis." See Decker Aff. ¶ 9 and Exhibit D thereto (emphasis added). Hoosier rejected Plaintiffs' request to complete its ESI production by April 24, stating that "discovery will continue through January 2009, more than 9 months away …." Hoosier proposed to produce ESI "from the files of Dennis Sherman and Irish Saunders, that we received from our vendor to date." Decker Aff., Exhibit D. Hoosier also attached various conditions on its offer, including that it could designate all documents "Attorney's Eyes Only." Id. Hoosier would not commit to producing **all** of the responsive ESI from these two key employees, and would not indicate when it would complete its ESI production for "the remaining file-keepers," except to state that discovery was nine months from ending. Plaintiffs did not agree to Hoosier's proposal.[2]

---

[2] In its April 18, 2008 letter, Hoosier also asked that Plaintiffs confirm that they had produced all documents they intended to produce. With the addition of two additional entities as Plaintiffs, Plaintiffs intend to produce certain additional hard-copy documents. Plaintiffs also are producing approximately 1,000 additional electronic documents, many of which are duplicates of documents already produced.

3

10. On April 28, 2008, Hoosier produced additional documents, including a number of e-mails. However, Hoosier has stated that it is continuing to produce documents on a "rolling basis. See Hoosier Reply Brief 5/7/08 (Doc. 58) p.2 n.1. Hoosier has not produced any additional documents since April 28, 2008.

11. Discovery in this complex case is scheduled to end on January 30, 2009. See Case Management/Scheduling Order (Doc. 23) ¶ 5. Plaintiffs have not yet taken any depositions of Hoosier employees because Hoosier has not completed its document production and refuses to commit to a date to do so. Hoosier's failure to complete its document production is delaying much of the depositions and discovery of Defendant Dirt Motorsports, Inc. and third parties.

12. Therefore, Plaintiffs respectfully request that the Court compel Hoosier to complete production of all non-privileged documents and ESI responsive to Plaintiffs' First Request for Production within ten days hereof.

WHEREFORE, Plaintiffs respectfully request that the Court enter the proposed order attached hereto.

          Respectfully submitted,

          BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.

Dated: May 23, 2008      By:    *s/Alan B. Rosenthal*
          Joseph Decker (PA 61684)
          Alan B. Rosenthal (PA 73254)
          Two Gateway Center, 8th Floor
          Pittsburgh, PA 15222
          (412) 394-5400

          Thomas M. Schultz (PA 16521)
          Polymer Enterprises, Inc.
          4731 Route 30, Suite 401
          Greensburg, PA 15601

          Counsel for Plaintiffs

**DISCOVERY DISPUTE CERTIFICATE**

Pursuant to Fed. R. Civ. P. 37 Local Rule 37.1, Plaintiffs' counsel hereby certifies that he made a reasonable effort to reach agreement with counsel for Defendant Hoosier Racing Tire Corporation ("Hoosier") on the matters set forth in the foregoing Motion to Compel. Specifically, counsel for the parties communicated in a meeting on March 6, 2008, through an e-mail dated April 17, 2008, and through a letter dated April 18, 2008. These communications are further summarized in the Affidavit of Joseph Decker, filed and served contemporaneously herewith.


Dated: May 23, 2008                              *s/ Alan B. Rosenthal*
                                                 Alan B. Rosenthal

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kendall Millard, Esquire
Deborah Pollack-Milgate, Esquire
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN  46204-3535

Donna M. Doblick, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

John R. Gotaskie, Esquire
Fox Rothschild LLP
625 Liberty Avenue, 29th Floor
Pittsburgh, PA  15222-3115

Theodore H. Jobes, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291

_____s/ Alan B. Rosenthal_____
Alan B. Rosenthal