# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RACE TIRES AMERICA, INC., a Division )
OF SPECIALTY TIRES OF AMERICA, INC.; )
SPECIALITY TIRES OF AMERICA, INC.; )
SPECIALTY TIRES OF AMERICA )
(PENNSYLVANIA), INC.; and SPECIALTY )
TIRES OF AMERICA (TENNESSEE), LLC, )
                                      )
              Plaintiffs,             )
                                      )
         v.                           )   02: 07cv1294
                                      )
HOOSIER RACING TIRE CORP., and        )
DIRT MOTOR SPORTS, INC., d/b/a        )
WORLD RACING GROUP,                   )
                                      )
              Defendants.             )

## MEMORANDUM ORDER

Presently pending before the Court is the MOTION TO COMPEL HOOSIER RACING TIRE CORP. TO PRODUCE DOCUMENTS AND ELECTRONICALLY STORED INFORMATION BY A DATE CERTAIN filed by Plaintiffs (collectively referred to as "STA") (*Document No. 61*), the BRIEF IN OPPOSITION filed by Hoosier Racing Tire Corp. ("Hoosier") (*Document No. 69*), and the REPLY BRIEF filed by STA (*Document No. 71*).

Distilled to its essence, the current dispute involves STA's complaint that while Hoosier continues to produce requested documents and electronically stored information ("ESI") on a "rolling basis," Hoosier has failed, neglected or refused to give a specific date when the production of these materials will be complete, after having previously agreed to a schedule.

Before getting to the merits of the motion, the Court is compelled to comment on what appears to be a situation which has gone awry. The instant motion is the <u>fifth</u> discovery-

related motion which has been filed by the parties since March 17, 2008.[1]  Counsel are reminded that discovery under the Federal Rules is intended to occur with a minimum of judicial intervention.

The Court has examined the discovery-related thrusts and parries which have occurred in this case and is concerned that counsel or the parties, on one or both sides of the suit, may be taking positions that do not comply with either the letter or spirit of the Federal Rules of Civil Procedure or the Local Rules of Court regarding discovery.  This Court will not allow the discovery process to be abused nor will it tolerate discovery shenanigans or delaying tactics by counsel for either party or by the parties themselves.  Moreover, this Court does not referee discovery bouts between consenting adults.  The Court will, however, take full advantage of sanctions available under the rules of procedure and this Court's inherent authority to prevent discovery abuses.  If any counsel or party makes excessive demands or insufficient responses after this cautionary order by the Court, an order may be entered providing for sanctions and/or more stringent controls over discovery.

The parties and their attorneys are hereby placed on notice that this Court will not hesitate to exercise its authority under the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the inherent power of the federal district courts to correct abuses of the judicial process,

---

[1]  *See* (i) Motion to Compel Production of Documents from Charles Roberts and Hoosier Tire South Dirt Oval (Document No. 40); (ii) Motion for Attorney Fees for Charles Roberts (Document No. 42); (iii) Motion to Compel Production of Electronically Stored Information from Dirt Motor Sports, Inc. (Document No. 47); (iv) Motion to Compel Information and Documents in Response to Written Discovery (Document No. 50); and (v) the instant Motion to Compel Hoosier Racing Tire Corp. to Produce Documents and Electronically Stored Information By A Date Certain (Document No. 61).

*Chambers v. Nasco, Inc.,* 501 U.S. 32 (1991), to impose appropriate sanctions upon attorneys and litigants who violate the letter and the spirit of our rules of orderly procedure and professional conduct. Where the record discloses good grounds for sanctions and the violator has been forewarned, this Court may impose such sanctions *sua sponte* and without further notice.

Turning to the instant motion, Hoosier initially argues that the "Motion is improperly before the Court because STA failed to comply with Fed. R. Civ. P. 37 and L.R. 371. Hoosier had no notice of the supposed discovery dispute or of STA's Motion prior to filing." While it is true that STA did not attach a certification to its Motion to Compel, it seems a bit disingenuous for Hoosier to represent that it had no knowledge of this discovery dispute prior to the filing of the instant motion. Both parties have attached copies of various correspondence and e-mails which each reflect that STA and Hoosier have been "discussing" outstanding discovery issues for some time. In fact, Hoosier's own letter of April 18, 2008 proposes a schedule for the production of the very documents at issue in this motion.

It appears that Hoosier has provided STA with a significant number of the requested documents "on a rolling basis" from March 4, 2008 through April 28, 2008.[2] However, Hoosier contends that it has recently received "approximately 179,180 ESI documents from its vendor . . . and estimates that it can produce all these documents, including additional documents that it has not yet received from its vendors, by August 15, 2008, on a rolling basis .

---

[2]   According to Hoosier, it has produced more than 57,000 documents, including more than 29,000 ESI documents.

. . " Hoosier Opp'n at 5.  STA, "as a reasonable compromise," argues that Hoosier should be required to produce all these documents by June 30, 2008.

STA served its First Request for Production of Documents and ESI on Hoosier on January 10, 2008.  Pursuant to Federal Rule of Civil Procedure 34, Hoosier's response was due on or before February 12, 2008.  It is now four (4) months past the time that Hoosier's responses were due and the production apparently is not complete.  It appears to the Court that STA has been more than patient with Hoosier on its discovery requests.

Accordingly, STA's Motion is **GRANTED** and it is hereby **ORDERED** that Hoosier complete production of all non-privileged documents and ESI responsive to STA's First Request for Production on or before **July 23, 2008.**

So **ORDERED** this 16th day of June, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Alan B. Rosenthal, Esquire
    Babst, Calland, Clements & Zomnir
    Email: arosenthal@bccz.com

    Joseph Decker, Esquire
    Babst, Calland, Clements & Zomnir
    Email: jdecker@bccz.com

    Mark D. Shepard, Esquire
    Babst, Calland, Clements & Zomnir
    Email: mshepard@bccz.com

    Thomas M. Schultz
    Polymer Enterprises, Inc.
    Email: tschultz@polymerenterprises.net

    Deborah E. Pollack-Milgate, Esquire
    Barnes & Thornburg
    Email: dmilgate@btlaw.com

    Donald E. Knebel, Esquire
    Barnes & Thornburg
    Email: dknebel@btlaw.com

    Donna M. Doblick, Esquire
    Reed Smith
    Email: ddoblick@reedsmith.com

    Kendall H. Millard, Esquire
    Barnes & Thornburg
    Email: kmillard@btlaw.com

    Lynn C. Tyler, Esquire
    Barnes & Thornburg
    Email: lynn.tyler@btlaw.com

    Jason E. Hazlewood, Esquire
    Reed Smith
    Email: jhazlewood@reedsmith.com

    John R. Gotaskie, Jr., Esquire
    Fox Rothschild LLP
    Email: jgotaskie@foxrothschild.com