# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RACE TIRES AMERICA, INC., a Division )
OF SPECIALTY TIRES OF AMERICA, INC.; )
SPECIALITY TIRES OF AMERICA, INC.; )
SPECIALTY TIRES OF AMERICA )
(PENNSYLVANIA), INC.; and SPECIALTY )
TIRES OF AMERICA (TENNESSEE), LLC, )
                                      Plaintiffs, )
                                        v. ) 02: 07cv1294

HOOSIER RACING TIRE CORP., and )
DIRT MOTOR SPORTS, INC., d/b/a )
WORLD RACING GROUP, )
                                       Defendants. )

## MEMORANDUM ORDER

Presently pending before the Court is the MOTION FOR RECONSIDERATION & CLARIFICATION, MOTION TO INTERVENE AS PLAINTIFF UNDER FED.R.CIV. RULE 24(A)(2), 24(B), MOTION TO AMEND COMPLAINT filed by Jonathan Lee Riches ("Riches"), appearing *pro se* (Document No. 76).

Apparently Riches is no stranger to the federal courts. According to one news source, Riches has filed more than one thousand (1,000) federal lawsuits.[1] He is currently serving a one hundred and twenty-five (125) month sentence for identity theft at the Williamsburg Federal Correctional Institution in South Carolina.

---

[1] In fact, the United States District Court of Maine has permanently enjoined Riches from filing any court documents without prior permission from the Court. *See Putney, Inc. v. Pfizer, Inc.*, Civil No. 07-018-P-H, 2008 WL 2782929 (D. Me. July 17, 2008).

In the instant motion, Riches seeks to intervene as a plaintiff in this antitrust litigation as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), or by permission, pursuant to Federal Rule of Civil Procedure 24(b). After consideration of the Motion and the parties' responses in opposition, the motion is **DENIED.**

Rule 24(a)(2) provides that Riches may intervene as of right if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Riches does not identify the "property or transaction that is the subject of the action," nor does he claim any interest in any such matter in any but the most conclusory fashion. Riches does not state that he has any relationship whatsoever with the Plaintiffs, that he is in the business of manufacturing dirt racing tires, or that he is or was a consumer of tires to be used on race cars. It is hard to fathom how Riches could have a cognizable interest in this litigation. Accordingly, the Court finds and rules that there is no reason to allow Riches to intervene as of right and his request pursuant to Fed.R.Civ.P. 24(a)(2) is **DENIED.**

Riches, in the alternative, seeks to intervene by permission. Permissive intervention, by definition, lies within the discretion of the Court. Rule 24(b)(1)(A) provides that the Court may allow Riches "a conditional right to intervene by a federal statute." Fed.R.Civ.P. 24(b)(1)(A). However, Riches cites no federal statutory provision that would give him the right to intervene in this private antitrust litigation that involves race care tires, nor is the Court aware of any such statutory provision.

Additionally, Rule 24(b)(1)(B) provides that the Court may permit Riches to intervene if he "has a claim or defense that shares with the main action a common question of law or fact." Again, Riches does not state that he has a "claim or defense that shares with the main action a common question of law or fact," rather Riches simply states that he "support[s] plaintiff's claims." While that may be true, it does not give Riches anything more than a general interest in the outcome of the case. Accordingly, the Court finds and rules that there is no reason to allow Riches to intervene by permission and his request pursuant to Fed.R.Civ.P. 24(b) is **DENIED**.

At certain points in his submission, Riches also characterizes his request for relief as a "motion for reconsideration" and as a "motion to amend complaint." Neither of these requests has greater merit than the motion to intervene. The instant motion is Riches' first request for relief in this case, and there is, accordingly, nothing to reconsider and, therefore, his request for reconsideration is **DENIED.**

Riches' proposal "to amend the complaint," appears to be an offer of evidence[2] rather than a request to add new claims, and it is in any event a form of relief that would become available to Riches, if at all, only upon his joining the case as an intervening plaintiff, which the

---

[2] Riches seeks to amend the complaint because he has "newly discovered evidence. . . documents and information." Although Riches does not attach them to his motion, describe them or explain why such documents and information are relevant.

Court has declined to allow him to do for the reasons set forth above. Accordingly, the motion to amend complaint is also **DENIED.**

So **ORDERED** this 5th day of August, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:       Jonathan Lee Riches, 40948-018
Williamsburg Federal Correctional Institution
Inmate Mail/parcels
P.O. Box 340
Salters, SC 29590

Alan B. Rosenthal, Esquire
Babst, Calland, Clements & Zomnir
Email: arosenthal@bccz.com

Joseph Decker, Esquire
Babst, Calland, Clements & Zomnir
Email: jdecker@bccz.com

Mark D. Shepard, Esquire
Babst, Calland, Clements & Zomnir
Email: mshepard@bccz.com

Thomas M. Schultz
Polymer Enterprises, Inc.
Email: tschultz@polymerenterprises.net

Deborah E. Pollack-Milgate, Esquire
Barnes & Thornburg
Email: dmilgate@btlaw.com

Donald E. Knebel, Esquire
Barnes & Thornburg
Email: dknebel@btlaw.com

Donna M. Doblick, Esquire
Reed Smith
Email: ddoblick@reedsmith.com

Kendall H. Millard, Esquire
Barnes & Thornburg
Email: kmillard@btlaw.com

Lynn C. Tyler, Esquire
Barnes & Thornburg
Email: lynn.tyler@btlaw.com

Jason E. Hazlewood, Esquire
Reed Smith
Email: jhazlewood@reedsmith.com

John R. Gotaskie, Jr., Esquire
Fox Rothschild LLP
Email: jgotaskie@foxrothschild.com