# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RACE TIRES AMERICA, INC., a Division )
OF SPECIALTY TIRES OF AMERICA, INC.; )
SPECIALITY TIRES OF AMERICA, INC.; )
SPECIALTY TIRES OF AMERICA )
(PENNSYLVANIA), INC.; and SPECIALTY )
TIRES OF AMERICA (TENNESSEE), LLC, )
                               )
                  Plaintiffs, )
                               )
            v.                     )     02: 07cv1294
                               )
HOOSIER RACING TIRE CORP., and )
DIRT MOTOR SPORTS, INC., d/b/a )
WORLD RACING GROUP, )
                               )
                  Defendants. )

## ORDER OF COURT

AND NOW, this 16th day of January, 2009, upon consideration of PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS, INTERROGATORIES AND REQUESTS FOR ADMISSIONS DIRECTED TO DIRT MOTOR SPORTS, INC., with brief in support (Sealed Document Nos. 125 and 126), the AFFIDAVIT OF JOSEPH DECKER in support of Plaintiffs' Motion to Compel (Sealed Document No. 127), DEFENDANT DIRT MOTOR SPORTS, INC.'S OPPOSITION to the Motion to Compel (Document No. 149), the AFFIDAVIT OF THEODORE H. JOBES, ESQUIRE in support of Dirt Motor Sports, Inc.'s Opposition (Document No. 150), the REPLY BRIEF filed by Plaintiffs' in Support of their Motion to Compel (Document No. 153), and the AFFIDAVIT OF ALAN B. ROSENTHAL in support of Plaintiffs' Reply Brief (Document No. 154), it is

**ORDERED** as follows:

Initially, the Court notes that the instant Motion to Compel arises out of Dirt Motor Sports, Inc.'s ("DMS") responses to Plaintiffs' First Set of Requests for Admissions, First Set of Interrogatories, and Second Request for the Production of Documents. In total, Plaintiffs propounded 9 interrogatories, 43 document requests,[1] and 145 requests for admissions, for a total of 197 requests. Plaintiffs contend that DMS ignored "a significant portion of the Discovery Requests," Reply Br. at 1-2; however, it appears that DMS responded to the clear majority of requests as only 30 responses are at issue in this motion to compel, *to wit:* Document Requests 4, 7, 13-14, 17-21, 25-27, 39 and 41-43; Interrogatories 1, 2, 4, and 8; and Request for Admissions 27, 95, 133-138, and 142-144.

Plaintiffs' motion to compel is **GRANTED IN PART AND DENIED IN PART** on or before **January 23, 2009**, Defendant Dirt Motor Sports, Inc. shall answer the pending requests for admissions, interrogatories, and request for production o documents to the best of its ability and understanding of the request(s), in accordance with the following rulings on the objections filed by Plaintiff.

## REQUEST FOR ADMISSIONS

Before addressing the merits of the objections to the responses to the Requests for Admissions, the Court notes that the parties have a fundamental disagreement, which the Court is simply not able to resolve. The parties' respective positions are each contradicted by the record. For example, DMS argues that counsel for Plaintiffs repeatedly informed DMS counsel

---

[1] The 43 document requests are in addition to the original 76 document requests in Plaintiffs' First Set of Requests for Production of Documents, to which DMS has responded.

that Plaintiffs did not have any issue with respect to DMS's answers to the Requests for Admissions. However, Exhibit 1 to Plaintiffs' Reply Brief clearly reflects that by letter of October 10, 2008, Alan B. Rosenthal, Esquire, counsel for Plaintiffs, complained to Theodore H. Jobes, Esquire, counsel for DMS, of the "frivolous responses" given by DMS in response to the request for admissions. Plaintiffs contend that DMS never responded to this correspondence, but again, the record contradicts this contention as Exhibit J to the Affidavit of Theodore H. Jobes is an email dated October 10, 2008 at 4:08 PM, from Attorney Jobes to Attorney Rosenthal in which Attorney Jobes objects to the Rosenthal letter of October 10, 2008 letter and its contents. Specifically, the Jobes' email states "You agreed that DMS's answers to the requests for admission were satisfactory." Additionally, in its Opposition Brief, DMS states that it "was not aware that plaintiffs had any issue with the responses until such time as it received plaintiffs' motion to compel." Brief in Opp'n, at n 3. Clearly, the exchange of correspondence and emails on October 10, 2008 between counsel refutes this statement. For these reasons, the Court will address the merits of the objections to the responses to the Request for Admissions:

27. Objection **GRANTED**. Response does not address the subject matter of the request; DMS shall provide a complete response to the request.

95. Request to deem Request for Admission 95 admitted is **DENIED**.

133. Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

134. Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

135. Objection **DENIED.** DMS is not able at this time to determine whether a particular document may be "admissible as substantive evidence at trial."

136. Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

137. Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

138. Objection **DENIED.** DMS is not able at this time to determine whether a particular document may be "admissible as substantive evidence at trial."

142. Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

143.    Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

144.    Objection **DENIED**. The document at issue is a personal document retrieved from the computer of Tom Deery and is likely irrelevant to the instant litigation.

## INTERROGATORIES

1.    Objection **DENIED** to the extent that DMS states that its does not have any documents or ESI in its possession that would permit it to respond to this request for the years 1994 through 2003, and that it does not have in its possession documents or ESI related to tire consumption for each sanctioned class of weekly race and each touring series.

2.    Objection **GRANTED**. DMS shall provide a full and complete response to Interrogatory No. 2.

4.    Objection **GRANTED**. In response to this request, DMS produced only the Transaction by Customer Inquiry Reports for the years 2007 and the first quarter of 2008. DMS responded that it would produced additional reports for the years 2005 and 2006, "if it is able to retrieve them." DMS shall produce the reports for the years 2005 and 2006 or provide Plaintiffs with a complete explanation of why such

reports were not able to be retrieved. Likewise, for the years 1995 through 2004, DMS shall explain why it has no such documents or ESI responsive to this request.

8. Objection **GRANTED** to the extent that the documents produced do not include any information on DMS's point fund payments for the years 2004, 2005, and 2008, and contains only certain "regional" payouts for 2007. DMS is ordered to produce full and complete responses to Interrogatory 8.

## REQUEST FOR PRODUCTION

4. Objection **GRANTED IN PART**. DMS apparently produced schedules for only four series; yet Plaintiffs contend that the DMS website currently lists fourteen (14) different series. DMS shall supplement this request and produce schedules for the additional ten (10) series or provide a complete explanation for its inability to produce same.

7. Objection **DENIED** - request seeks documents or information not relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

13. Objection **GRANTED.**

14. Objection **GRANTED.**

17. Objection **DENIED.** DMS admits Request for Admission 61 which asks whether DMS admits that from November 2004 through October 21, 2007, it did not send a request for proposal to RTA before entering into any contracts to supply tires to drivers in races sanctioned by DMS. For the period from January 1, 1996 through October 2004, DMS states that it has insufficient information to admit or deny the foregoing statement. Document Request 17 asks for documents only if DMS denies Request for Admission 61, which it did not do.

18. Objection **DENIED**. DMS admits Request for Admission 63 which asks whether DMS admits that from November 2004 through October 21, 2007, it did not send a request for proposal to Goodyear before entering into any contracts to supply tires to drivers in races sanctioned by DMS. For the period from January 1, 1996 through October 2004, DMS states that it has insufficient information to admit or deny the foregoing statement. Document Request 18 asks for documents only if DMS denies Request for Admission 63, which it did not do.

19. Objection **DENIED**. DMS admits Request for Admission 65 which asks whether DMS admits that from November 2004 through October 21, 2007, it did not send a request for proposal to B. F. Goodrich before entering into any contracts to supply tires to drivers in races sanctioned by DMS. For the period from January 1, 1996 through October 2004, DMS states that it has insufficient information to admit or

deny the foregoing statement. Document Request 19 asks for documents <u>only</u> if DMS denies Request for Admission 65, which it did not do.

20. Objection **DENIED**. DMS admits Request for Admission 67 which asks whether DMS admits that November 2004 through October 21, 2007, it did not send a request for proposal to Bridgestone / Firestone, Inc. or to Kumho Tire USA before entering into any contracts to supply tires to drivers in races sanctioned by DMS. For the period from January 1, 1996 through October 2004, DMS states that it has insufficient information to admit or deny the foregoing statement. Document Request 20 asks for documents <u>only</u> if DMS denies Request for Admission 67, which it did not do.

21. Objection **GRANTED IN PART and DENIED IN PART.** To the extent that Plaintiffs are seeking documents "related to communications from Plaintiffs in 2002 requesting that American Racer tires be permitted to be used in DMS sanctioned events," (Pls' Brief at 11-12), the objection is **GRANTED.** However, to the extent that the request seeks "all documents which constitute, evidence, or refer to communications from RTA in 2002" (RFP #21), the objection is **DENIED** as overly broad and unduly burdensome.

25. Objection **GRANTED IN PART.** To the extent that responsive documents or ESI exist beyond those which have previously been produced, said documents or ESI

shall be produced. If DMS has already produced documents or ESI responsive to this request for production, then DMS shall provide to Plaintiffs complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

26. Objection **GRANTED IN PART.** To the extent that responsive documents or ESI exist beyond those which have previously been produced, said documents or ESI shall be produced. If DMS has already produced documents or ESI responsive to this request for production, then DMS shall provide to Plaintiffs complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

27. Objection is **GRANTED IN PART**. All 2007 requests for proposals sent to various tire companies by DMS shall be produced, to the extent same have not been previously produced. If DMS has already produced documents or ESI responsive to this request for production, then DMS shall provide to Plaintiffs complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

39. Objection is **GRANTED IN PART.** DMS has denied that all drivers participating in DMS events must be members of DMS and Plaintiffs have requested all documents which support this denial. To the extent DMS has such responsive documents or

ESI, and to the extent that same have not already been produced, same shall be produced. If DMS has already produced documents or ESI responsive to this request for production, then DMS shall provide to Plaintiffs complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

41. Objection **DENIED** - request seeks documents or information not relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

42. Objection **GRANTED.** To the extent that DMS is in possession of documents or ESI which support its denial that it does not use "point fund" monies solely to pay point fund awards, and to the extent such responsive documents or ESI have not already been produced, same shall be produced. If DMS has already produced documents or ESI responsive to this request for production, then DMS shall provide to Plaintiffs complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

43. Objection **DENIED** as vague, overly broad and unduly burdensome.

**REQUEST FOR ATTORNEYS' FEES AND COSTS**

In view of the difficult nature of the issues involved and the proper scope of discovery in an antitrust case of this magnitude, Plaintiffs' request for expenses, including attorneys' fees, is **DENIED**.

So **ORDERED** this 16th day of January, 2009.

BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Court Judge

cc:   Alan B. Rosenthal, Esquire
      Babst, Calland, Clements & Zomnir
      Email: arosenthal@bccz.com

      Joseph Decker, Esquire
      Babst, Calland, Clements & Zomnir
      Email: jdecker@bccz.com

      Thomas M. Schultz
      Polymer Enterprises, Inc.
      Email: tschultz@polymerenterprises.net

      Deborah E. Pollack-Milgate, Esquire
      Barnes & Thornburg
      Email: dmilgate@btlaw.com

      Donald E. Knebel, Esquire
      Barnes & Thornburg
      Email: dknebel@btlaw.com

      Donna M. Doblick, Esquire
      Reed Smith
      Email: ddoblick@reedsmith.com

      Kendall H. Millard, Esquire
      Barnes & Thornburg
      Email: kmillard@btlaw.com

      Lynn C. Tyler, Esquire
      Barnes & Thornburg
      Email: lynn.tyler@btlaw.com

      Jason E. Hazlewood, Esquire
      Reed Smith
      Email: jhazlewood@reedsmith.com

      John R. Gotaskie, Jr., Esquire
      Fox Rothschild LLP
      Email: jgotaskie@foxrothschild.com